2009 Ark. App. 534

Charles HARRIS, Appellant,

v.

STATE of Arkansas, Appellee.

No. CA CR 08–1494.

Court of Appeals of Arkansas.

July 1, 2009.

Harrelson Law Firm, P.A., by: Jeff Harrelson, Texarkana, for appellant.

Dustin McDaniel, Att'y Gen., by: Nicana C. Sherman, Ass't Att'y Gen., for appellee.

DAVID M. GLOVER, Judge.

On January 2, 2008, the State filed a petition to revoke Charles Harris's probation in connection with the underlying offense of nonsupport for failing to pay back child support. Following a hearing, the trial court granted the petition, revoked appellant's probation, and sentenced him to ten years' imprisonment in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's attorney has filed a motion to withdraw as counsel on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract, brief, and addendum referring to everything in the record that might arguably support the appeal, including all motions, objections, and requests decided adversely to appellant and a statement of reasons why none of those rulings would be a meritorious ground for reversal.

The clerk of this court furnished appellant with a copy of his counsel's brief and notified him of his right to file a *pro se* statement of points for reversal within thirty days. Appellant filed his statement of points, but none of the points that he relies upon were properly preserved below and cannot serve as a basis for reversal of the revocation of his probation. Summarizing those points, he contends primarily that his counsel was ineffective; he requests "that this court just grant me my plea" of six years and get rid of the fines and restitution; and he alleges that the warrant was dated incorrectly.

The trial court determined that appellant had violated the terms and conditions of his probation based upon his admission that he had failed to pay and report as ordered by the court. The violation of one condition is sufficient to support a revocation. Therefore, his failure to report alone would be enough, and his only excuse for not doing so was that he was stressed. Ark.Code Ann. § 5–4–309(d) (Repl.2006).

From our review of the record, the brief submitted by appellant's counsel, and appellant's statement of points, we find that there has been compliance with Rule 4–3(k) and that the appeal is wholly without merit. Accordingly, counsel's motion to withdraw is granted, and the revocation of appellant's probation is affirmed.

Affirmed; counsel's motion to be relieved is granted.

HART and MARSHALL, JJ., agree.